1  DANIEL G. BOGDEN
   United States Attorney
2
   CHRISTINA M. BROWN
3  Assistant United States Attorney

4  BRIAN R. YOUNG
   Trial Attorney, Fraud Section, Criminal Division
5  333 Las Vegas Blvd. So., Suite 5000
   Las Vegas, Nv 89101
6  (702) 388-6336

7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10                                **-oOo-**

11  UNITED STATES OF AMERICA,        )
                                     )
12                    Plaintiff,     )
                                     )    Case No. 2:11-cr-00217-LDG-CWH
13  VS.                              )
                                     )
14                                   )
    NICHOLAS LINDSEY,                )
15                                   )
                      Defendant.     )
16  _____ )

17  <u>UNITED STATES'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM</u>

18        The government respectfully requests the court to include in its charge to the jury the

19  following instructions, which include several general and special instructions from <u>Ninth Circuit</u>

20  <u>Manual of Model Criminal Jury Instructions, 2010 Edition</u>, and other special instructions

21  requested by the government.  The source of each such instruction is reflected on the same.

22

23

24

25

26

**INDEX**

1.  OPENING CHARGE

2.  CHARGE AGAINST DEFENDANT NOT EVIDENCE- PRESUMPTION OF
    INNOCENCE- BURDEN OF PROOF

3.  VERDICT AS TO THE ACCUSED AND THE OFFENSE CHARGED ONLY

4.  DEFENDANT'S DECISION NOT TO TESTIFY

5.  DEFENDANT'S DECISION TO TESTIFY

6.  REASONABLE DOUBT- DEFINED

7.  WHAT IS EVIDENCE

8.  WHAT IS NOT EVIDENCE

9.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

10. CREDIBILITY OF WITNESSES

11. ACTIVITIES NOT CHARGED

12. STATEMENTS BY DEFENDANT

13. SUMMARIES NOT RECEIVED IN EVIDENCE

14. CHARTS AND SUMMARIES IN EVIDENCE

15. DUTY TO DELIBERATE

16. CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

17. USE OF NOTES

18. JURY CONSIDERATION OF PUNISHMENT

19. COMMUNICATION WITH COURT

20. INDICTMENT

21. WIRE FRAUD

22. STIPULATION

23. SCHEME TO DEFRAUD – VICARIOUS LIABILITY

24. AIDING AND ABETTING

25.    INTENT TO DEFRAUD – DEFINED

26.    KNOWINGLY DEFINED

27.    DELIBERATE IGNORANCE

28.    AGGRAVATED IDENTITY THEFT

29.    MEANS OF IDENTIFICATION

30.    ON OR ABOUT DEFINED

31     LENDER NEGLIGENCE

32.    VERDICT FORM

OPENING CHARGE

DANIEL G. BOGDEN
United States Attorney

CHRISTINA M. BROWN
Assistant United States Attorney

BRIAN R. YOUNG
Trial Attorney, Fraud Section, Criminal Division
333 Las Vegas Blvd. So., Suite 5000
Las Vegas, NV 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cr-00217-LDG-CWH |
| ) | |
| VS. ) | |
| ) | |
| NICHOLAS LINDSEY, ) | |
| ) | |
| Defendant. ) | |
| ————————————————— ) | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies in this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into

anything the court may have said or done, any suggestion as to what verdict you should return --
that is a matter entirely up to you.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.1 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

**CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pled not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.2  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

**<u>VERDICT AS TO ACCUSED AND THE OFFENSE CHARGED ONLY</u>**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.10, 3.11 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.   You may not draw any inference of any kind from the fact that the defendant did not testify.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.3  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.4 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.5 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

**WHAT IS EVIDENCE**

  The evidence from which you are to decide what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which all the lawyers have stipulated.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.6  (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening and closing statements and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.7 (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for your to decide how much weight to give to any evidence.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.8 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.9  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.10 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.1 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

**SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.15  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.16  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.1   (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

**CONSIDERATION OF EVIDENCE- CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on those instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

1.      Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

2.      Do not read, watch, or listed to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or any other way try to learn about the case on your own.


The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.


Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.2  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.3  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.4  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.6  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

**INDICTMENT -**

## COUNTS ONE THROUGH NINE
### (Wire Fraud)

1.     From in or about May 2006, to on or about June 8, 2007, in the State and Federal District of Nevada,

**NICHOLAS LINDSEY**,

defendant herein, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

2.     The objective of the scheme and artifice was for the defendant to buy houses in the names of straw buyers, fraudulently divert part of the proceeds from the mortgages at the closing of escrow for his personal use, live in a house purchased by a straw buyer, rent the houses to third parties, collect the rent and keep the proceeds for his personal use and enrichment while failing to make mortgage payments to the lenders beyond the first few months after purchasing the houses.

3.     It was part of the scheme and artifice that the defendant did the following:

          a.     The defendant located residential properties for sale.

          b.     The defendant recruited straw buyers to purchase the properties.  A straw buyer is a person who a perpetrator uses to buy a house, when the perpetrator then and there intends to control the ownership in the house.

          c.     In some instances, the defendant obtained identification information from straw buyers without the straw buyers' knowledge and consent and used the information to buy houses.

          d.     The defendant  knowingly caused materially false information to be placed in the straw buyers' mortgage loan applications and supporting documents, including but not limited to the individual's role as a straw buyer, income, assets, and intent to live in the houses,

and thereafter caused the loan applications and supporting documents to be submitted to lenders.

    e.  The defendant lived in one of the houses, rented the houses and kept rental income from the properties without making payments on the properties to the lenders beyond the first few months.  In some instances, the defendant received proceeds from the loan knowing that his receipt of the proceeds had not been disclosed to the lenders.

    4.  On or about the dates set forth below, for the purpose of executing the scheme and artifice, the defendant did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, and pictures, that is, the wire transfers described below for the properties listed below:

| Count | Date | Property Address | Wire Transfers |
|-------|------|------------------|----------------|
| 1 | 6/07/2006 | 5047 Sagelyn<br>Las Vegas, Nevada | Disbursement of loan payoff  - Land Title of Nevada to Chase Bank of Texas |
| 2 | 6/28/2006 | 134 Fratelli<br>Las Vegas, Nevada | Disbursement of loan payoff - Bankwest of Nevada to JP Morgan Chase Bank |
| 3 | 9/13/2006 | 8070 Russell #1084<br>Las Vegas, Nevada | Disbursement of loan payoff - Land Title of Nevada to Bank of America |
| 4 | 9/27/2006 | 9174 November Breeze<br>Las Vegas, Nevada | Disbursement of loan payoff - Land Title of Nevada to Bank of America |
| 5 | 12/15/2006 | 9868 Gold Pan Court<br>Las Vegas, Nevada | Funding of loan - HSBC Bank USA to First American Title |
| 6 | 1/25/2007 | 7770 Villa Del Mar<br>Las Vegas, Nevada | Funding of loan - Regions Funding to Land Title of Nevada |
| 7 | 4/13/2007 | 536 Fork Mesa<br>Henderson, Nevada | Funding of loan - Regions Funding to Land Title of Nevada |

| 8 | 4/16/2007 | 2579 Lochleven Way<br>Henderson, Nevada | Disbursement of proceeds to seller<br>Bank of Nevada to<br>Bank of America, NY |
|---|---|---|---|
| 9 | 6/08/2007 | 9868 Gold Pan Court<br>Las Vegas, Nevada | Disbursement of loan payoff -<br>Land Title of Nevada to<br>JP Morgan |

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN
### (Aggravated Identity Theft)

The allegations in Paragraphs One through Nine are realleged as if set forth in full.

On or about March 5, 2007, in the State and Federal District of Nevada,

**NICHOLAS LINDSEY**,

defendant herein, did knowingly transfer and use, without lawful authority, a means of identification of another person during and in relation to a violation of Title 18, United States Code, Section 1343, Wire Fraud, by using the name, date of birth, and social security number of M.B. on a loan application submitted to a lending institution.

In violation of Title 18, United States Code, Section 1028A(a)(1).

Superseding Indictment, *United States v. Lindsey* (Doc. 26) (12/14/2011)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

**WIRE FRAUD- SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES (18 U.S.C. § 1343)**

The defendant is charged in counts one through nine of the of the indictment with wire fraud in violation of section 1343 of Title 18 of the United States Code. In order for a defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, wire communications in interstate commerce to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wire is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the wire was itself false or deceptive so long as the wire was used as part of the scheme, nor does it matter

whether the scheme or plan was successful or that any money or property was obtained.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 8.121  (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

**STIPULATION AS TO INTERSTATE COMMERCE**

The parties have agreed to certain facts that have been stated to you.  Specifically, the parties have agreed that: "Counts one through nine of the indictment allege that Mr. Lindsey committed wire fraud in violation of 18 U.S.C. §1343.  The parties agree that each of the nine loans described in counts one through nine of the indictment involved a wire transfer of money that traveled in interstate commerce.  Specifically, the disbursements of loan payoffs identified in counts one, two, three, four and nine were accomplished through wire transfers that traveled in interstate commerce.  He disbursement of loan proceeds described in count eight was accomplished through a wire transfer that traveled in interstate commerce.  The loans described in counts five, six and seven were funded by wire transfers that traveled in interstate commerce."  You should therefore treat these facts as having been proved.

Stipulation of the Parties (Doc. 56)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

**SCHEME TO DEFRAUD – VICARIOUS LIABILITY**

      If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

      For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 8.122 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

**AIDING AND ABETTING**

A defendant may be found guilty of wire fraud or mail fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, wire fraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of wire fraud; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 5.1 (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24

**INTENT TO DEFRAUD—DEFINED**

An intent to defraud is an intent to deceive or cheat.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.16 (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25

**KNOWINGLY  DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act (or fails to act) through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 5.6 (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26

**DELIBERATE IGNORANCE**

You may find that a defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

    1.     was aware of a high probability that the information that he included in mortgage loan applications and related documents was false, and

    2.     deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the information he included in the loan applications and related documents was truthful, or if you find that the defendant was simply careless.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 5.7  (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27

**FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS – AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A)**

The defendant is charged in Count Ten of the indictment with Aggravated Identity Theft in violation of section 1028A of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly used without legal authority a means of identification of another**;**

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to a violation of Title 18 United States Code, Section 1343 (Wire Fraud).

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 8.83  (2010 ed.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28

**MEANS OF IDENTIFICATION -**

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official state or government issued driver's license or identification number, unique electronic identification number, address or routing code, and includes a signature.

Title 18, United States Code, Section 1028(d)(7)(modified); *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29

**"ON OR ABOUT" DEFINED**

You will note the indictment charges that certain offenses were committed on or about a certain date.  It is not necessary that the proof establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

*See United States v. Loya*, 807 F.2d 1483, 1494 (9th Cir. 1987).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30

**LENDER NEGLIGENCE NOT A DEFENSE**

Loose lending practices do not constitute a defense to wire fraud, but the lending standards applied by the financial institutions that lent the money in this case are relevant to the question of materiality; that is, whether false statements had a natural tendency to influence, or were capable of influencing, a financial institution.  A misrepresentation may be material without inducing any actual reliance.  What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.

*See United States v. Maximov*, 2011 WL 4915162 (D.Ariz. 2011) ("because reliance and damages are not necessary elements of the crime, it is no defense to wire fraud or bank fraud that the victim of the fraud was negligent, gullible, or incompenent") (citing *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) ("the susceptibility of the victim of the fraud, in this case a financial institution, is irrelevant to the analysis")); *United States v. Blixt*,  548 F.3d 882, 889 (9th Cir. 2008): Eleventh Circuit Pattern Jury Instruction 51 ("It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false"). Lender negligence instructions were delivered in *United States v. Sutherland*, 2:10-cr-00356-LDG; *United States v. Depue*, 2:10-cr-121-RLJ-RJJ (instruction 22); *United States v. Brandon*, 2:09-cr-494-KJD-VCF (instruction 26).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31

**VERDICT FORM**

   A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.5  (2010 ed.)(modified)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32

DANIEL G. BOGDEN
United States Attorney

CHRISTINA BROWN
Assistant United States Attorney

BRIAN R. YOUNG
Trial Attorney, Fraud Section, Criminal Division
333 Las Vegas Blvd. So., Suite 5000
Las Vegas, NV 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:11-cr-00217-LDG-CWH |
| VS. | ) |
| NICHOLAS LINDSEY, | ) |
| Defendant. | ) |

## __VERDICT__

We, the jury in the above entitled case, upon our oaths, do say:

1.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count One charged in the indictment herein.

2.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count Two charged in the indictment herein.

3.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count Three charged in the indictment herein.

4.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count Four charged in the indictment herein.

1          5.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count

2    Five charged in the indictment herein.

3          6.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count

4    Six charged in the indictment herein.

5          7.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count

6    Seven charged in the indictment herein.

7          8.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count

8    Eight charged in the indictment herein.

9          9.      That we find the Defendant _____ **(Not Guilty or Guilty)** of Count

10   Nine charged in the indictment herein.

11         10.     That we find the Defendant _____ **(Not Guilty or Guilty)** of Count

12   Ten charged in the indictment herein.

13         DATED this _____ day of _____, 2013.

14

15

16                                                    _____

17                                                    FOREPERSON

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF ELECTRONIC SERVICE**

I, the undersigned, hereby certify that I served this document on counsel for Nicholas Lindsey via the ECF System.

Dated: March 19, 2013

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/Christina M. Brown*
CHRISTINA M. BROWN
Assistant U.S. Attorney

BRIAN R. YOUNG
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section