FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

APR 1 0 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:11-cr-00217-LDG (CWH) |
| v. | **JURY INSTRUCTIONS** |
| NICHOLAS LINDSEY, | |
| Defendant. | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may

1 have said or done any suggestion as to what verdict you should return—that is a matter
2 entirely up to you.

Jury Instruction No. _____

The indictment is not evidence. The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Jury Instruction No. 2

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Jury Instruction No. ___3___

1  I have told you that the government must prove a defendant's guilt beyond a

2 reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly

3 convinced that the defendant is guilty.  It is not required that the United States prove guilt

4 beyond all possible doubt.

5  A reasonable doubt is a doubt based upon reason and common sense and is not

6 based purely on speculation.  It may arise from a careful and impartial consideration of all

7 the evidence, or from lack of evidence.

8  If after a careful and impartial consideration of all the evidence, you are not

9 convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

10 defendant not guilty.  On the other hand, if after a careful and impartial consideration of all

11 the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it

12 is your duty to find the defendant guilty.

Jury Instruction No. _____4_____

1        The punishment provided by law for this crime is for the court to decide. You may

2    not consider punishment in deciding whether the government has proved its case against

3    the defendant beyond a reasonable doubt.

Jury Instruction No. _____5_____

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits received in evidence; and

    (3) any facts to which the parties have agreed.

Jury Instruction No. _____6_____

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Jury Instruction No. _____7_____

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Jury Instruction No. _____8_____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Jury Instruction No. 9

A separate crime is charged against the defendant in each count of the indictment. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Jury Instruction No. _10_

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Jury Instruction No. _11_

You have heard testimony that the defendant made several statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

Jury Instruction No. _12_

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Jury Instruction No. _13_

The defendant is charged in Counts One through Nine of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, the decisions of the lenders that made the loans at issue.

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire in interstate commerce to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wire is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the wire was itself false or deceptive so long as the wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Jury Instruction No. _14_

1   A defendant may be found guilty of wire fraud, even if the defendant personally did
2   not commit the act or acts constituting the crime but aided and abetted in its commission.
3   To prove a defendant guilty of aiding and abetting, the government must prove beyond a
4   reasonable doubt:

5   First, wire fraud was committed by someone;

6   Second, the defendant knowingly and intentionally aided, counseled, commanded,
7   induced or procured that person to commit each element of wire fraud; and

8   Third, the defendant acted before the crime was completed.

9   It is not enough that the defendant merely associated with the person committing the
10  crime, or unknowingly or unintentionally did things that were helpful to that person, or was
11  present at the scene of the crime. The evidence must show beyond a reasonable doubt
12  that the defendant acted with the knowledge and intention of helping that person commit
13  wire fraud.

14  The government is not required to prove precisely which participant actually
15  committed the crime and which participant aided and abetted.

Jury Instruction No. _15_

An intent to defraud is an intent to deceive or cheat.

Jury Instruction No. 16

An act is done knowingly if the defendant is aware of the act and does not (or fails to act) through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Jury Instruction No. _17_

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the information that he included in mortgage loan applications and related documents was false, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the information he included in the loan applications and related documents was truthful, or if you find that the defendant was simply careless.

Jury Instruction No. _18_

1       The parties have agreed to certain facts that have been stated to you. Specifically,

2  the parties have agreed that: "Counts one through nine of the indictment allege that Mr.

3  Lindsey committed wire fraud in violation of 18 U.S.C. §1343. The parties agree that each

4  of the nine loans described in counts one through nine of the indictment involved a wire

5  transfer of money that traveled in interstate commerce. Specifically, the disbursements of

6  loan payoffs identified in counts one, two, three, four and nine were accomplished through

7  wire transfers that traveled in interstate commerce. The disbursement of loan proceeds

8  described in count eight was accomplished through a wire transfer that traveled in

9  interstate commerce. The loans described in counts five, six and seven were funded by

10  wire transfers that traveled in interstate commerce."

11       You should therefore treat these facts as having been proved.

Jury Instruction No. _19_

The defendant is charged in Count Ten of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to a violation of Title 18 United States Code, Section 1343; that is, wire fraud.

Jury Instruction No. 20

1   The term "means of identification" means any name or number that may be used,

2   alone or in conjunction with any other information, to identify a specific individual, including

3   any name, social security number, date of birth, official state or government issued driver's

4   license or identification number, unique electronic identification number, address or routing

5   code, and includes a signature.

Jury Instruction No. 21

1    The Indictment charges that the offenses alleged were committed "on or about" a
2    certain date.

3    Although it is necessary for the government to prove beyond a reasonable doubt
4    that the offense was committed on a date reasonably near the date alleged in the
5    Indictment, it is not necessary for the government to prove the offense was committed
6    precisely on the date charged.

Jury Instruction No. _22_

Loose lending practices do not constitute a defense to wire fraud, but the lending standards applied by the financial institutions that lent the money in this case are relevant to the question of materiality; that is, whether false statements had a natural tendency to influence, or were capable of influencing, a financial institution.  A misrepresentation may be material without inducing any actual reliance.  What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.

Jury Instruction No. 23

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Jury Instruction No. 24

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. If you find the defendant not guilty or guilty, that verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the marshal or bailiff outside your door that you are ready to return to the courtroom.

Jury Instruction No. 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your foreperson or by one or more members of the jury.

No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.

If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Jury Instruction No. 26