# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:11-cr-00217-LDG (CWH) |
| v. | **ORDER** |
| NICHOLAS LINDSEY, | |
| Defendant. | |

The defendant, Nicholas Lindsey, has moved for reconsideration (#94) of this Court's order remanding him into custody, pending his sentencing, subsequent to his conviction of nine counts of wire fraud and one count of aggravated identity theft. The Government filed a response (#97), and the defendant filed a reply (#104). The Court heard oral arguments on May 6, 2013.

Pursuant to 18 U.S.C. 3143(a), and as relevant to the defendant's convictions, the Court:

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

Immediately subsequent to the defendant's conviction, the Government moved for his remand into custody. In support of that motion, the Government argued, *inter alia*, the nature of the defendant's offenses of conviction and his trial testimony, the substantial term of imprisonment defendant likely faces and his lack of ties to any community, the defendant's prior instances of failing to appear in court, the defendant's pending state charge for identity theft, and the defendant's maintenance of an internet website selling sports memorabilia, one page of which listed an e-mail and physical address for the defendant and invited potential customers to "contact us" if they needed help or didn't like placing orders over the internet. The government further asserted the defendant was also associated with another sales website, apparently based in Canada, that it asserts mirrored this "contact us" language.

The greater portion of the defendant's motion concerns the Government's assertions and arguments regarding internet websites and the defendant's statements broadcast through his twitter account.

Having given further consideration to whether remand is appropriate in this matter, the Court has not taken into consideration the website based in Canada to which the Government has referred, as there is not any evidence before the Court indicating an association of that website with the defendant.

In addition, the Court has placed little, if any weight, on the defendant's maintenance of the sales website that listed his e-mail and physical address, and which invited potential customers to contact the defendant. The government argues, with some force, that the maintenance of this website, and specifically its invitation to potential customers to directly contact the defendant in connection with the purchase of items, was contrary to a condition of release pending trial that prohibited the defendant from "employment in any position that allows access to personal identifiers or credit information of others." As noted by the defendant, however, his operation of this website was not surreptitious. Rather, he

operated the website with the consent and knowledge of the pre-trial officer supervising his release pending trial.

In considering whether release or remand pending sentencing is appropriate, the Court has placed greatest weight on the evidence received during trial. That evidence, in light of the defendant's conviction, indicates that the defendant is likely to serve a substantial term of imprisonment. The evidence received at trial included the defendant's own testimony. In light of other evidence received at trial, both documentary and testimonial, the Court finds that the defendant's testimony included falsehoods obvious to the Court. The content and nature of that testimony left the Court firmly convinced of the defendant's willingness to engage in deceitful conduct in any circumstance in which he perceives such conduct will be to his own advantage. The evidence established that the defendant had little or no hesitation to target strangers, friends, and family members with his fraudulent conduct. The evidence further established that the defendant possessed a willingness and ability to engage in a course and scheme of fraudulent conduct that, within a very brief time span, provided him with a significant amount of physical wealth at the expense of his victims. In short, the evidence received at trial, and in particular the defendant's own testimony, precludes the Court from finding, by clear and convincing evidence, that the defendant does not pose a danger to the safety of any other person or the community, or that he is not likely to flee. Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion for Reconsideration of the Court's Decision to Remand Pending Sentencing (#94) is DENIED.

DATED this ____6____ day of May, 2013.

_____
Lloyd D. George
United States District Judge